IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV131-MU-02

JOSEPH MICHAEL GRIFFITH,    )
    Petitioner,            )
                           )
    v.                     )
                            )         **O R D E R**
SIDNEY HARKLEROAD, Supt., )
  Marion Correctional In- )
  stitution,             )
    Respondent.            )
_____)

**THIS MATTER** comes before the Court on initial review of Petitioner's form Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254, filed March 17, 2010. For the reasons stated herein, the subject Petition must be <u>transferred</u> to the United States District Court for the Eastern District of North Carolina.

According to the Petition, Petitioner is seeking to challenge the disciplinary hearing which was conducted on April 19, 2009 at the Pasquotank Correctional Institution. (Doc. No. 1 at 1). Petitioner contends that his rights were violated when the disciplinary hearing officer prohibited him from presenting exculpatory evidence; that "staff" did not follow Department of Correction policy in finding him guilty; and that he had a right to have his evidence presented at his disciplinary hearing. (<u>Id</u>. at 5-8). As a result of these alleged violations, Petitioner claims that he was subjected to 30 days segregated confinement,

vacated on appeal; and to 20 days loss of sentence reduction credit. (Id. at 1-2). Petitioner asks the Court to vacate his disciplinary conviction.

Petitions filed pursuant to 28 U.S.C. § 2254 properly may be filed either in the district court for the district where the petitioner is in custody or in the district court for the district within which the state court was held which convicted and sentenced the petitioner. 28 U.S.C. § 2241(d); Byrd v. North Carolina, 200 Fed App'x 235, 236 (4th Cir. Sept. 18, 2006) (unpublished). However, pursuant to the joint order of the District Courts for the Eastern, Middle and Western Districts of North Carolina regarding Petitions for Writs of Habeas Corpus under 28 U.S.C. § 2254, the Courts have determined that such petitions "shall be filed, heard, and determined in the district court for the district within which the state court was held which convicted and sentenced him. Byrd, 200 Fed App'x at 236. Thus, the clerks of the several courts are authorized and directed to transfer such applications to the district therein designated for filing, hearing, and determination. Id.

In the instant case, Petitioner expressly reports that he is challenging the decision from the disciplinary hearing which was held at Pasquotank Correctional Institution. That facility is located within the Eastern District of North Carolina. Therefore, without determining whether he properly may challenge that

2

decision in this habeas corpus action, Petitioner's Petition will be transferred to the United States District Court for the Eastern District of North Carolina.

**NOW, THEREFORE, IT IS ORDERED:**

1. That the Clerk of Court immediately shall **TRANSFER** Petitioner's Petition for Writ of Habeas Corpus to the United States District Court for the Eastern District of North Carolina; and

2. That the Clerk shall send certified copies of this Order to the Clerk of the United States Court for the Eastern District of North Carolina and to Petitioner.

**SO ORDERED.**

Signed: March 23, 2010

Graham C. Mullen
United States District Judge

3