IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2048-D

| | | |
|---|---|---|
| JOSEPH MICHAEL GRIFFITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RENOICE E. STANCIL,[1] | ) | |
| | ) | |
| Respondent. | ) | |

Joseph Michael Griffith, a state inmate proceeding pro se, petitions the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. Griffith seeks leave to proceed in forma pauperis [D.E. 2]. On April 19, 2011, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and allowed it to proceed [D.E. 7]. On June 6, 2011, respondent answered the petition and moved for summary judgment [D.E. 11-12]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Griffith about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 14]. On June 22, 2011, Griffith responded in opposition to the motion [D.E. 15]. As explained below, respondent's motion for summary judgment [D.E. 12] is granted.

---

[1] When Griffith filed this petition, he was incarcerated at Marion Correctional Institution. The court takes judicial notice that Griffith is now incarcerated at Bertie Correctional Institution, and his custodian is Renoice E. Stancil. See N.C. Dep't of Corr. Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0726310 (last visited Dec. 7, 2011). Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that if a petitioner "is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."

I.

Griffith challenges a disciplinary conviction, which occurred at Pasquotank Correctional Institution ("Pasquotank"). Pet. 1.[2] On April 19, 2009, a Pasquotank correctional officer ("Johnson") was making her rounds in Griffith's dormitory, and noticed that doors to Griffith's and other inmates' cells were unsecured, in violation of prison policy. Mot. Summ. J., Ex. 2 at 13, 16 (DOC disciplinary package). Johnson charged Griffith with a "C03" disciplinary offense, failure to obey an order. Id. at 16; see also Pet. 1. An investigating officer "read[] Griffith his rights which he stated he understood, signed and received his copy." Mot. Summ. J., Ex. 2 at 11. The investigating officer took a statement from Griffith, in which Griffith challenged the charge on the grounds that he was unaware of any policy regarding cell doors, particularly when "he open[ed] his door over 30 times a day" and had only opened his door briefly to get a newspaper. Id. at 11, 14.

The investigating officer also took statements from: Johnson; another correctional officer (who stated that he had no knowledge of the incident); and other inmates in Griffith's dormitory (who refused to provide statements). Mot. Summ. J., Ex. 2 at 11. On April 27, 2009, a disciplinary hearing officer ("DHO") conducted a hearing, during which he read all the evidence collected by the investigating officer. Id. at 10. Upon Griffith's request, the DHO provided Griffith with staff assistance for the hearing. Id. Griffith also requested that the DHO review video footage of the incident giving rise to the charge. Id. The DHO ordered "a partial reinvestigation so that staff can address what was specifical[l]y seen on the video." Id. On April 28, 2009, the investigating officer

---

[2] The allegations of Griffith's petition are extremely brief, describing only the date of the disciplinary infraction, the generic description of the charge, and the ultimate punishment imposed. See Pet. 6. Thus, the court takes the facts from the disciplinary record, which Griffith does not now appear to dispute, even though some of the materials in the disciplinary record appear to contradict some of the conclusory assertions in Griffith's petition.

2

reviewed the video footage, and observed that when Johnson entered the dormitory hall, Griffith and other "inmates jumped up to secure the doors" and "moved quickly when she approached the cell[.]" Id. at 9. The investigating officer provided Griffith with a copy of her additional findings.[3] Id. at 7 (supplemental report of investigating officer with Griffith's signature).

On May 4, 2009, the DHO found Griffith guilty of the disciplinary offense. Id. at 4. The DHO sanctioned Griffith with: a thirty-day loss of segregation time; a twenty-day loss of good-time credits; thirty-hours extra duty; a sixty-day loss of telephone and organized sports privileges; and two-months "draw limited." Mot. Summ. J., Ex. 2 at 4. The DHO provided Griffith with a copy of his appeal rights, a record of the hearing, and the punishment imposed. Id. at 5. Griffith appealed, and on May 12, 2009, the Department of Correction's Chief DHO reviewed the appeal and modified the punishment to: a thirty-day loss of segregation time; a twenty-day loss of good-time creditsl; and a ten-day loss of telephone and organized sports privileges. Id. at 1, 3.

II.

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading,

---

[3] In his petition, Griffith asserted that he "was not allowed to have the video shown to the D.H.O. officer which would have shown [the incident]." Pet. 2. Although the DHO received a supplemental report from the investigating officer on the contents of the video footage, Griffith maintains that the DHO's failure to personally review the video footage precludes the court from granting summary judgment. Mem. Opp'n Mot. Summ. J. at 9.

Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis removed) (quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Certain procedural safeguards apply when loss of statutory good time credit is at issue. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 556–57 (1974). Under Wolff, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) a written statement by the factfinder as to the evidence relied on and reasons for disciplinary action; and (3) the opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985); Wolff, 418 U.S. at 563–66. Additionally, DHO findings revoking a prisoner's good-time credit must be supported by "some evidence in the record." Hill, 472 U.S. at 455. Federal courts, however, will not review the accuracy of the DHO's fact finding de novo or for clear error. See, e.g., Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." Id. (quotation omitted).

Here, the record demonstrates that Pasquotank staff followed the procedures required by Wolff. To the extent Griffith complains about any violations of "the policies and rules adopted by the state prison system[,]" Mem. Opp'n Mot. Summ. J. at 5, "[v]iolations of DOC regulations do not equate to a violation of due process." Lenzy v. Lewis, No. 5:10-HC-2141-FL, 2011 WL 3664405,

4

at *4 (E.D.N.C. Aug. 18, 2011) (unpublished) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000); Irvin v. Federal Bureau of Prisons, No. 9:08–03038–HFF–BM, 2009 WL 1811245, at *5 (D.S.C. 2009) (unpublished)). Thus, Griffith has not suffered any violation of due process.

In support of his assertion that the court is precluded from granting summary judgment to respondent because the DHO should personally have reviewed the video footage, which Griffith maintains would have proven his innocence, Griffith cites Johnson v. Finnan, 467 F.3d 693 (7th Cir. 2006). Mem. Opp'n Mot. Summ. J. at 8-9. In Johnson, the Seventh Circuit reversed the district court's grant of summary judgment to the respondent where a state inmate challenged his disciplinary conviction because the petitioner had "provide[d] competent evidence . . . [directly] contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law[.]" 467 F.3d at 694. Here, Griffith has not offered evidence which directly contradicts the DHO's findings. Instead, he offers merely his own speculation that had the DHO personally viewed the video footage, the DHO would not have found Griffith guilty. However, Griffith offers no reason to find that the investigating officer did not correctly report the contents of the video footage to the DHO, nor does he explain how the DHO's findings were unsupported by any evidence in the record. See, e.g., Griffith v. Harkleroad, No. 1:10-CV-26, 2010 WL 1052283, at *3 (W.D.N.C. March 19, 2010) (unpublished). Thus, Griffith's claim fails.

### III.

In sum, the court GRANTS respondent's motion for summary judgment [D.E. 12] and DISMISSES Griffith's application for a writ of habeas corpus [D.E. 1]. The court also DENIES a certificate of appealability. The Clerk of Court shall close this case.

SO ORDERED. This _8_ day of December 2011.

*James Dever*
JAMES C. DEVER III
Chief United States District Judge